UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Travis Scott McCall, | ) | C/A No. 6:26-cv-1259-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Teal Johnson, Charles Snyder, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings this civil action under 42 U.S.C. § 1983, alleging Defendants violated his rights under the United States Constitution. Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center ("GCDC"). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the District Court. For the reasons below, this action is subject to summary dismissal. Additionally, Plaintiff's Motion for leave to proceed *in forma pauperis* should be denied.

## BACKGROUND

**Factual Allegations**

Plaintiff makes the following allegations in the Complaint. ECF No. 1. Plaintiff names only two Defendants—Teal Johnson ("Johnson") and Charles Snyder ("Snyder")—who are both identified as attorneys with the Greenville County Public Defenders Office. *Id*. at 2–3. Plaintiff contends Defendants have failed to provide effective assistance of counsel in violation of the Sixth Amendment and denied Plaintiff's liberty interests in violation of the Fourteenth Amendment. *Id*. at 4. Johnson allegedly agreed to help Plaintiff but then "returned to play 'devils advocate'" and

1

assigned Plaintiff to Snyder who, despite Plaintiff's repeated requests for a trial, tried to get Plaintiff to take a plea. *Id*. Plaintiff contends neither attorney filed any motions. *Id*. Plaintiff presents other, similar allegations about his attorneys' actions in the underlying state court criminal proceedings. *Id*. at 5–7. For his injuries, Plaintiff contends he is subjected to continued incarceration, loss of time, violations of his rights, and mental anguish. *Id*. at 8. For his relief, Plaintiff asserts as follows:

> This is ridiculous. Someone watch the damn video already instead of passing the buck. Remand to hearing. Grant Petitioner right to proceed *pro se*. Move criminal case into federal jurisdiction. State is abusing legal process.

*Id*. Plaintiff also seeks money damages for alleged constitutional violations in the amount of $20,000 as to each Defendant. *Id*.

**Plaintiff's State Court Charges**

The Court takes judicial notice[1] that Plaintiff has been charged with the following crimes that are pending in the Greenville County Court of General Sessions: (1) public disorderly conduct at case number 2025A2330209370; (2) possession of marijuana at case number 2025A2330209371; (3) assault and battery, third degree at case number 2025A2330209372; (4) possession of other controlled substance at case number 2025A2330209375; and (5) resisting arrest at case number 2025A2330209376. *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (search by case numbers listed above) (last visited Mar. 26, 2026).

---

[1] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

**Plaintiff's Other Federal Court Cases**

This is the eighth action filed in this Court in the span of four months related to the same underlying incidents, which involve his arrest, incarceration at GCDC, and pending charges noted above.

First, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 against Scotty Bodiford and Judge Hudson asserting claims of unlawful arrest, false imprisonment, and excessive force at case number 25-cv-13422. That action was dismissed on January 5, 2026. *See McCall v. Bodiford*, C/A No. 6:25-cv-13422-JDA-WSB (D.S.C.), ECF No. 19 (adopting Report and Recommendation at ECF No. 15).

Second, Plaintiff filed an action pursuant to 28 U.S.C. § 2241 seeking habeas relief related to his claims that he was illegally seized, unlawfully arrested, and subjected to fabricated evidence at case number 25-cv-13452. That action was dismissed on January 5, 2026. *See McCall v. Bodiford*, C/A No. 8:25-cv-13452-JDA-WSB (D.S.C.), ECF No. 14 (adopting Report and Recommendation at ECF No. 11).

Third, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 against Fekete, Flemming, and Moore asserting claims of excessive force, malicious prosecution, and unlawful search and seizure, all arising from his arrest, at case number 25-cv-13521. That action was authorized for service on November 25, 2025. Defendants filed an Answer on December 22, 2025, and the action remains pending.

Fourth, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 against Isaac McKenzie, Juan Olalde, and an Unknown Officer asserting claims of unlawful arrest, false imprisonment, and excessive force at case number 25-cv-13952. That action was dismissed on January 28, 2026. *See*

*McCall v. McKenzie*, C/A No. 6:25-cv-13952-JDA-WSB (D.S.C.), ECF No. 12 (adopting Report and Recommendation at ECF No. 9).

Fifth, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 against Judge Hudson, GCDC, and Greenville County asserting claims of due process violations, malicious prosecution, excessive bail, fabrication of evidence, and denial of access to courts at case number 26-cv-00056. That action was dismissed on January 5, 2026. *See McCall v. Hudson*, C/A No. 6:26-cv-00056-JDA-WSB (D.S.C.), ECF No. 12 (adopting Report and Recommendation at ECF No. 9).

Sixth, Plaintiff filed an action pursuant to 28 U.S.C. § 2241 seeking habeas relief related to his claims that he was illegally seized, unlawfully arrested, subjected to excessive bail and fabricated evidence at case number 26-cv-00140. That action was dismissed on January 5, 2026. *See McCall v. Bodiford*, C/A No. 8:26-cv-00140-JDA-WSB (D.S.C.), ECF No. 13 (adopting Report and Recommendation at ECF No. 9).

Seventh, Plaintiff filed an action pursuant to 28 U.S.C. § 2241 seeking habeas relief related to his claims that he was unlawfully arrested and imprisoned at case number 26-cv-00671. That action was dismissed on March 2, 2026. *See McCall v. Bodiford*, C/A No. 8:25-cv-00671-JDA-WSB (D.S.C.), ECF No. 12 (adopting Report and Recommendation at ECF No. 8).

All seven of these prior cases involved claims arising from the same incident resulting in Plaintiff's arrest on or about September 18, 2025, which forms the basis for Plaintiff's claims in the present action.

## **STANDARD OF REVIEW**

**Review and Liberal Construction of *Pro Se* Filings**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim

on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint

5

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted, although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for relief. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

6

**Requirements to State a Claim under 42 U.S.C. § 1983**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

**Plaintiff's IFP Motion Should Be Denied**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.[2] *See* 28 U.S.C. § 1914. The Prison Litigation Reform Act ("PLRA") of 1996 permits a prisoner to file a civil action without prepayment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a) and (b). Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240), which is construed as a Motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (2). ECF No. 2. Plaintiff's Motion should be denied.

---

[2] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350, which has since increased to $55. The $55 administrative fee, however, is not applicable to *in forma pauperis* cases.

7

*Applicable Law*

The PLRA requires this Court to engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify "cognizable claims or dismiss the complaint, or any portion [thereof, that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Further, the PLRA limits the ability of prisoners to file civil actions without prepayment of filing fees in what has become known as the three-strikes rule. *Jones v. Bock*, 549 U.S. 199, 203–04 (2007). The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, "[w]hen a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean v. United States*, 566 F.3d 391, 393–94 (4th Cir. 2009) (citing 28 U.S.C. § 1915(g)), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 590 U.S. 595,140 S. Ct. 1721 (2020).[3] The imminent danger "exception is triggered only if the incarcerated person alleges

---

[3] In *Lomax*, the Supreme Court held that a dismissal without prejudice for failure to state a claim qualifies as a strike under Section 1915(g), abrogating the holding of *McLean* that a dismissal without prejudice for failure to state a claim does not constitute a strike. *Lomax*, 140 S. Ct. at 1724.

8

sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022).

The PLRA's three-strikes rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous or meritless litigation in a federal court from pursuing certain types of federal civil litigation without prepayment of the filing fee. *Lomax*, 140 S. Ct. at 1726. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full. Nevertheless, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

### *Plaintiff's Three Strikes*

Plaintiff is subject to the three-strikes rule under 28 U.S.C. § 1915(g). Plaintiff is a "frequent filer" who has filed eight cases in this Court, as noted above. At least three dismissals of Plaintiff's prior cases should be deemed strikes under the PLRA in accordance with the standard set forth in *Lomax*. The Court will evaluate each dismissal in turn below.

### *(1) First Dismissal, No. 6:25-cv-13422*

On January 5, 2026, the Court summarily dismissed Plaintiff's action at case number 6:25-cv-13422 for failing to state a claim and because the defendants were immune from suit. *McCall v. Bodiford*, C/A No. 6:25-cv-13422-JDA-WSB (D.S.C. Jan. 5, 2026), ECF No. 19 (adopting the Report and Recommendation of the assigned Magistrate Judge at ECF No. 15).

### *(2) Second Dismissal, No. 6:25-cv-13952*

On January 28, 2026, the Court dismissed Plaintiff's action at case number 6:25-cv-13952 for failing to state a claim. *McCall v. McKenzie*, C/A No. 6:25-cv-13952-JDA-WSB (D.S.C. Jan.

28, 2026), ECF No. 12 (adopting the Report and Recommendation of the assigned Magistrate Judge at ECF No. 9).

### (3)  Third Dismissal, No. 6:26-cv-00056

On February 6, 2026, the Court dismissed Plaintiff's action at case number 6:26-cv-00056 for failing to state a claim and because certain defendants were immune from suit.  *McCall v. Hudson*, C/A No. 6:26-cv-00056-JDA-WSB (D.S.C. Feb. 6, 2026), ECF No. 12 (adopting the Report and Recommendation of the assigned Magistrate Judge at ECF No. 9).

All three of these dismissals count as strikes under the PLRA in light of *Lomax* and other applicable case law.  Because of these three strikes, Plaintiff cannot proceed with the instant action under the *in forma pauperis* statute unless the claims satisfy the exception for imminent physical harm provided by the three-strikes rule.  *See* 28 U.S.C. § 1915(g); *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010).

### No Imminent Danger

Plaintiff has not satisfied the § 1915(g) standard of "imminent danger" of serious physical injury.  In order to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'"  *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).  Allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger."  *See Welch v. Selsky*, C/A No. 9:06-cv-00812-LEK-DEP, 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) ("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."); *Riches v. Harrelson*, C/A No. 6:08-cv-0685-MBS, 2008 WL 1744603, at *3 (D.S.C. Apr. 10, 2008).

The Complaint case presents allegations against Plaintiff's public defenders and their conduct in the underlying state court proceedings against Plaintiff. However, Plaintiff presents no allegations to demonstrate an imminent danger of serious physical injury to satisfy the PLRA's exception to the three-strikes rule. *See Bryan v. McCall*, C/A No. 5:15-cv-871, 2016 WL 529574, at *3 (D.S.C. Feb. 10, 2016) (evaluating the imminent danger exception). Even if Plaintiff intended to assert that his life is in imminent danger, such an assertion is not supported by any plausible factual allegations in the Complaint. Accordingly, Plaintiff's Motion (ECF No. 2) for leave to proceed *in forma pauperis* should be denied.

**The Complaint Should Be Dismissed**

Even if Plaintiff had paid the filing fee and upon consideration of Plaintiff's submitted pleadings, the claims presented are subject to dismissal. And because Plaintiff has already asserted similar frivolous claims in prior actions, the undersigned recommends that this action be dismissed without leave to amend. To state a claim for relief pursuant to 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a *person* acting under the color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### *Defendants Entitled to Dismissal*

The two named Defendants are entitled to summary dismissal because they are not state actors. To state a § 1983 claim, Plaintiff must allege that he was deprived of a constitutional right by a person acting under the color of state law. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Plaintiff has not alleged facts showing that either of the public defender Defendants are state actors acting under color of law. *Martin v. Brackett*, C/A No. 9:09-cv-792-RBH, 2009 WL 3836123, at *1 (D.S.C. Nov. 13, 2009) ("Attorneys for criminal

11

defendants generally do not act under color of state law when performing traditional functions as counsel."). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 317 (1981); *see also Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980) (concluding a court-appointed attorney was entitled to dismissal of the plaintiff's § 1983 claim against him for want of state action). Plaintiff has not made allegations to plausibly show that Defendants exceeded the "traditional functions as counsel."[4] *Polk Cnty.*, 454 U.S. at 325; *see also Trexler v. Giese*, C/A No. 3:09-cv-144-CMC-PJG, 2010 WL 104599, at *3 (D.S.C. Jan. 7, 2010) (finding attorney was entitled to summary dismissal in § 1983 action where attorney's representation in the state criminal case fell "squarely within the parameters of his legal representation" although the plaintiff was unhappy with the manner in which the attorney represented her). Accordingly, Plaintiff's claims against Defendants are not proper in this § 1983 action, and they are entitled to dismissal.[5] *See Curry v. South Carolina*, 518 F. Supp. 2d 661, 667 (D.S.C. 2007) (explaining public defenders are not state actors under § 1983 and thus entitled to dismissal).

---

[4] Courts have consistently noted that claims for ineffective assistance of counsel do not rise to the level of a constitutional violation to support a claim under § 1983. *Hinton v. Bangs*, C/A No. 1:08-cv-628-JCC-TRJ, 2008 WL 8889883, at *2 (E.D. Va. June 24, 2008) (allegation of "ineffective assistance does not state a claim for which relief can be granted in a § 1983 suit because a public defender performing a lawyer's traditional functions as counsel to a defendant during criminal proceedings does not act under color of state law and, therefore, is not subject to civil liability under 42 U.S.C. § 1983"); *Wagner v. Obama*, C/A No. 3:13-cv-00708-GRA, 2013 WL 2370526, at *6 (D.S.C. May 29, 2013) ("an attorney, whether retained, court appointed, or a public defender, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983"), *aff'd*, 548 F. App'x 86 (4th Cir. 2013).

[5] To the extent Plaintiff is asserting a claim for malpractice, claims of attorney negligence and legal malpractice are not cognizable in an action under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Additionally, § 1983 does not impose liability for violations of

### *Younger* Abstention

The allegations in the Complaint are essentially a challenge to Plaintiff's underlying charges and present incarceration at GCDC. Plaintiff asserts that he being unlawfully detained at GCDC and he "is begging this Court to intervene." Such claims are not properly before this Court based on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Granting Plaintiff's requested relief would require this Court to interfere with or enjoin a pending state court criminal proceeding against Plaintiff. Because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain from interfering with the state court proceedings.

In *Younger*, the Supreme Court of the United States of America held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal quotation marks omitted). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp.*

---

duties of care arising under state law. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200–03 (1989). Thus, any claim for legal malpractice fails as a matter of law.

*v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Plaintiff is involved in ongoing state criminal proceedings related to the claims at issue in this case, and Plaintiff asks this Court to award relief for alleged constitutional violations; thus, the first element is satisfied. The second element is satisfied because the Supreme Court has explained "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third element is also satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903 (citation omitted).

A ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings. *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010).

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the district court **DENY** Plaintiff's Motion for leave to proceed *in forma pauperis* (ECF No. 2) and **DISMISS** this action without leave to amend and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

March 27, 2026
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).